UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAYFEL WILLIAMS,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF MENTAL HEALTH dba NAPA STATE HOSPITAL,

        Defendant.

        No. C 08-0713 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff, who is a patient at Napa State hospital, has filed a pro se civil rights complaint. He contends that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") are being violated by the hospital.[1] He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at

---

[1] Plaintiff actually says that his claim is brought under the Religious Freedom Restoration Act, RFRA. RFRA was declared unconstitutional in *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997). Because the court is required to liberally construe pro se complaints such as this, the claim will be treated as a RLUIPA claim, RLUIPA being the constitutional successor to RFRA. *See Cutter v. Wilkinson*, 544 U.S. 709, 719-20 (2005).

1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies to any "program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

Congress intended to distinguish RLUIPA from traditional First Amendment

jurisprudence in at least two ways. First, it expanded the reach of the protection to include "'any religious exercise,'" including 'any exercise of religion, whether or not compelled by or central to, a system of religious belief.'" *Greene v. Solano County Jail*, No. 06-16957, slip op. 857, 863 (9th Cir. Jan. 22, 2008) (quoting *Cutter v. Wilkinson* 544 U.S. 709, 714 (2005) and 42 U.S.C. §2000cc-5(7)(A)). RLUIPA "bars any inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Greene*, slip op. at 863. Second, as opposed to the deferential rational basis standard of *Turner v. Safely*, 482 U.S. 78, 89-90 (1987), RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is "'in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.'" *Greene*, slip op. at 864 (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)).

Plaintiff alleges that he is a follower of a religion called "Magic," which is pronounced "mah-jeek." He asserts that the hospital is interfering with his practice of his religion in the following ways: (1) Refusing to supply a hookah and THC to smoke in it (THC and raw, unprocessed opium are used by "Magi" for "spiritual divination, mediation, prayer and the like"); (2) refusing to supply alcohol, which is used by Magi in "displays of drunken merriment" to appease and honor the god Apollo; (3) refusing to supply tobacco, which is used by Magi in prayer and meditation; (4) not allowing patients to use their laptops for internet access, when the internet is used by Magi for spiritual divination; (5) not supplying top hats and body wash (Magi use jasmine body wash in honor of the goddess Hera, and "top hats ... signify that we always think of what is higher and, because of that[,] our gods think we are 'tops'"); and (6) refusing to supply newspapers, CD's, cassette tapes, and listening devices (popular music is used by Magi as hymns).

With the exception of the ban on internet access, all of these claims are about the institution's failure to provide free what plaintiff considers to be religious items. RLUIPA, however, does not require government to provide the means of practicing one's religion. *See Cutter*, 544 U.S. 720 n.8 ("RLUIPA does not require a State to pay for an inmate's devotional accessories."). That is, while under RLUIPA the government cannot impose

3

substantial burdens on religious practice, it is not required to positively facilitate it.  The allegations in claims one, two, three, five and six therefore are insufficient to state a RLUIPA claim.

In addition to the above, plaintiff alleges that caffeinated coffee is used by Magi "to display an intention to do more than 'sit around' during the day ... [and] to display both willingness and eagerness to serve."  He does not, however, allege that the institution refuses to supply caffeinated coffee or that it is banned.  He thus has failed to state a claim as to coffee.

For the reasons set out above, the complaint will be dismissed with leave to amend.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 29, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\WILLIAMS0713.DWLTA.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL R WILLIAMS,

        Plaintiff,

  v.

CALIFORNIA DEPT OF MENTAL HEALTH et al,

        Defendant.
                                       /

Case Number: CV08-00713 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Rayfel Williams 2285306
Napa State Hospital
2100 Napa Vallejo Highway
Napa, CA 94558-6293

Dated: February 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk