UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAYFEL WILLIAMS,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF MENTAL HEALTH dba NAPA STATE HOSPITAL; Governor ARNOLD SCHWARTZENEGGER; and ED FOULK, Executive Director, Napa State Hospital,

        Defendants.
                                           /

No. C 08-0713 PJH (PR)

**ORDER OF SERVICE**

      This is a civil rights case filed pro se by a patient at Napa State hospital. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended; the amended complaint will now be screened to determine if it should be served.

**DISCUSSION**

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Defendants**

In the original complaint the only defendant named was the California Department of Mental Health. Plaintiff has omitted this defendant in the amended complaint, so the department is no longer a defendant. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in an amended complaint are no longer defendants).

The defendants named in the amended complaint are Governor Arnold Schwarzenegger and Ed Foulk, the Executive Director of Napa State Hospital. Plaintiff asks only for injunctive relief. Although in suits against state officials seeking prospective injunctive relief the state is the real party in interest, such suits are not treated as being against the state and thus are not barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908). The state official must have "some connection with the enforcement of the act," however, or the official is merely a representative of the state, and the claim does not come within the exception. *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999) (quoting *Ex Parte Young*, 209 U.S. at 157). Although plaintiff makes no allegations

2

regarding the "connection with the enforcement of the act" of either defendant, it is a fair inference from the title of defendant Foulk, executive director of the hospital, that he had a role in making the policy decisions which are the basis for plaintiff's claims. This is not true of defendant Schwarzenegger, however. The claims against Schwarzenegger will be dismissed.

**B.    Legal Claims**

In the original complaint plaintiff contended that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were being violated by the hospital.[1] The court dismissed the complaint with leave to amend because five of plaintiff's seven issues were contentions that the hospital should provide free items which he contends his religion, Magic (pronounced "Mah-jeek"), requires for its proper observation. *See Cutter v. Wilkinson,* 544 U.S. 709, 720 n.8 (2005) ("RLUIPA does not require a State to pay for an inmate's devotional accessories."). Another issue was dismissed because although plaintiff contended that Magi use caffeinated coffee as part of their devotions, he did not allege that the institution refuses to supply caffeinated coffee or that it is banned.

In the amendment plaintiff sets out each claim in a separate numbered paragraph. In paragraph one he alleges that his religion is treated differently from mainstream religions when it comes to the hospital providing religious necessities. For instance, he says that for Catholics the hospital pays for a chapel, a chaplain, bibles, hymnals, and materials for communion and mass, but it will not pay for the jasmine his religion requires him to bathe in. This is a sufficient allegation of an equal protection claim to require a response. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Equal Protection Clause requires that inmate who follows minority religion be afforded "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional

---

[1] Plaintiff actually said in the complaint that the claim was brought under the Religious Freedom Restoration Act, RFRA. RFRA was declared unconstitutional in *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997). The court construed the claim as being a RLUIPA claim, RLUIPA being the constitutional successor to RFRA. *See Cutter v. Wilkinson*, 544 U.S. 709, 719-20 (2005).

3

1 religious precepts.").[2]

2 Plaintiff states that his religion requires use of opium, caffeinated coffee, alcohol, and marijuana, but these are banned from the institution. This is sufficient to state a claim based on RLUIPA and the Free Exercise Clause of the First Amendment.

In his third paragraph plaintiff alleges that his religion uses the internet as a "tool of spiritual divination," and that the hospital's ban on internet access thus violates his rights. The words "tool of spiritual divination" make no sense, and thus plaintiff has not stated a "plausible" claim. *See Twombly*, 127 S. Ct. at 1986-87. This claim will be dismissed without prejudice.

In his fourth paragraph plaintiff contends that twice-weekly blood-draws violate his religious scruples. This claim is sufficient to require a response.

Finally, in his fifth paragraph plaintiff contends that the institution's provision of chapels and "religious staff" violates the Establishment Clause. This contention is sufficient to require a response.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**. Plaintiff's third issue (internet access) and his claims against Governor Schwarzenegger are **DISMISSED** without prejudice.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with attachments, and a copy of this order on defendant Ed Foulk, Executive Director, Napa State Hospital.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a

---

[2] Plaintiff does not say why he is in Napa State Hospital, but appears from his change of address notices in this court, which show him going back and forth between the San Francisco County Jail and the hospital, that he may be committed for restoration of competency, that is, he may be a pretrial detainee. It thus is unclear whether he is a "prisoner" and whether the sort of analysis appropriate for claims by prisoners will apply here. *See, e.g., Turner v. Safley*, 482 U.S. 78, 89 (1987).

4

motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

 If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

///

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  June 16, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\WILLIAMS0713.SERVE.wpd

6

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL R WILLIAMS,

        Plaintiff,

  v.

CALIFORNIA DEPT OF MENTAL HEALTH
et al,

        Defendants.
                               /

Case Number: CV08-00713 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Rayfel Williams 2285306
Napa State Hospital
2100 Napa-Vallejo Hwy.
Napa, CA 94558

Dated: June 16, 2008

                                           Richard W. Wieking, Clerk
                                           By: Nichole Heuerman, Deputy Clerk